UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-6064 FMO (SSCx) | Date | **January 9, 2026** |
|---|---|---|---|
| Title | **Los Angeles City Plaza LP, et al. v. United States Citizenship and Immigration Services, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      (In Chambers) Order to Show Cause Re: Retaining Counsel

On June 30, 2025, Los Angeles City Plaza LP, Zhong Fang, Lingjuan Dong, Peng Zhang, Lingling Li, Hailian Wu, Rongliang Xu, Rui Yang, Qing Li, Jing Shuai, and Yanshui Jiang (collectively, "plaintiffs") initiated this action through a complaint filed against the United States Citizenship and Immigration Services ("USCIS") and the Immigrant Investor Program. (See Dkt. 1, Complaint at 1). The Complaint describes Los Angeles City Plaza LP as "a limited partnership organized under California law." (Id. at 8). The plaintiffs are not represented by counsel. (See, generally, Dkt.).

It is well-settled that corporations and other business entities cannot appear pro se in federal court; they must be represented by licensed counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel.") (citations omitted); Local Rule 83-2.2.2 ("No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."). In addition, a sole shareholder or principal of a corporation may not represent the corporation in federal court. See High Country Broad. Co., 3 F.3d at 1245; see also In re Waksberg, 2009 WL 1211355, at *1 (C.D. Cal. 2009) ("[T]he principal of a corporation cannot appear on its behalf *pro se*. Because it is not a natural person, the corporation must be represented by an attorney.") (citation omitted) (italics original).

Under the circumstances, the court will give Los Angeles City Plaza LP time to retain counsel to represent itself in this case. Failure to retain counsel by the deadline set forth below may result in the entry of default against it.

Based on the foregoing, IT IS ORDERED THAT a Notice of Appearance must be filed by counsel representing Los Angeles City Plaza LP's no later than **February 6, 2026**. The failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 25-6064 FMO (SSCx)** | Date | **January 9, 2026** |
|---|---|---|---|
| Title | **Los Angeles City Plaza LP, et al. v. United States Citizenship and Immigration Services, et al.** | | |

file a Notice of Appearance by that date shall result plaintiff Los Angeles City Plaza LP being dismissed from the action.

Initials of Preparer          vdr